

*104800017*

Ogden

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC -8 2020

RICK WARREN
112 COURT CLERK

| | |
|---|---|
| DARRYL C. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-2020- |
| | ) |
| DOLLAR TREE STORES, INC., a foreign | ) |
| for-profit business corporation, DH PACE | ) |
| COMPANY, INC., a foreign for-profit | ) |
| business corporation, | ) |
| | ) |
| Defendants. | ) |

## CJ - 2020-5850

### PETITION

**COMES NOW** Plaintiff, Darryl C. Williams (hereinafter "Plaintiff"), by and through his

attorney of record, Larry E. Finn of Parrish DeVaughn, PLLC, and for his cause of action against

Defendants, Dollar Tree Stores, Inc., a foreign for profit business corporation, and DH Pace

Company, Inc., a foreign for profit business corporation (hereinafter "Defendant Dollar Tree,"

"Defendant DH Pace," or "Defendants"), alleges and states as follows:

### VENUE AND JURISDICTION

1.      Plaintiff is a resident of Oklahoma City, Oklahoma.

2.      Defendant Dollar Tree is a foreign for profit business corporation with its principal

place of business located at 4200 NW Expressway, Oklahoma City, OK 73116, and can be served

in care of Defendant's registered agent, Corporation Service Company, located at 10300

Greenbriar Place, Oklahoma City, Oklahoma 73159, or wherever they may be found.

3.      Defendant DH Pace is a foreign for profit business corporation with its principal

place of business located at 5217 SW 23rd Street Oklahoma City, OK 73128, and can be served in

care of Defendant's registered agent, Corporation Service Company, located at 10300 Greenbriar

Place, Oklahoma City, Oklahoma 73159, or wherever they may be found

    4.    The event occurred on or about October 8, 2019 in Oklahoma City, Oklahoma.

    5.    Venue is proper in Oklahoma County, State of Oklahoma, and the Court has

jurisdiction over the parties.

## FACTS

    6.    Plaintiff repeats, realleges, and incorporates by reference herein each and every

allegation heretofore pleaded.

    7.    On or about October 8, 2019, Plaintiff was an invitee at Defendant Dollar Tree's

premises located at 4200 NW Expressway, Oklahoma City, OK 73116.

    8.    Plaintiff had entered Defendant Dollar Tree's premises with the purpose of

shopping.

    9.    Upon completion of his shopping, Plaintiff used the door handle to exit Defendant

Dollar Tree's premise and the door fell on him.

    10.    Upon information and belief, Defendant DH Pace is the entity responsible for

maintaining the doors on Defendant Dollar Tree's premises.

    11.    Defendants DH Pace and Dollar Tree failed to maintain the doors.

    12.    Defendants knew or should have known of the hazardous and dangerous condition

created by the door and should have been aware that such would foreseeably cause personal

injuries to persons on its premises.

    13.    Defendants failed to warn Plaintiff of the dangerous condition created by the

staircase and were negligent as a result of its inaction.

2

14.     Defendants, as the inviter, owed Plaintiff, the invitee, the duty of reasonable care. *Brown v. Nicholson,* 935 P.2d 319, 321 (Okla. 1997).

15.     Defendants had a duty to exercise reasonable care to keep the premises in a safe condition for the reception of its invitees, such as Plaintiff, but failed to do so.

16.     As a result of Defendants' failure to exercise reasonable care, Plaintiff sustained significant injuries.

17. The injuries and damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence from Defendants' recklessness and violation of one or more of the above described independent duties of ordinary and reasonable care for the safety of Plaintiff.

18. The injuries and damages sustained by Plaintiff were a probable consequence from Defendants' violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiff.

19. Defendants should have foreseen and anticipated that a violation of one or more of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiff.

20. If Defendants had not violated one or more of the above described independent duties to use ordinary care for the safety of Plaintiff, then Plaintiff's injuries and damages would not have occurred.

21. Pursuant to the provisions of 12 O.S. § 3226(A)(2)(a), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI-Civil § 4.1. Plaintiff advises that his medical bills to date are unknown at this time. At this point,

3

Plaintiff does not know the amount of future medical expense. These items are among the elements for the jury to consider in fixing the amount of damages to award to Plaintiff. Other than the amounts that Plaintiff has specifically identified, and that are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award.

**WHEREFORE**, Plaintiff demands judgment against Defendants in excess of $75,000.00, plus costs, interest, and any such other relief as the Court deems appropriate against Defendants in an amount to fully and fairly compensate Plaintiff for each and every element of damages that Plaintiff has suffered.

Respectfully Submitted,

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Larry E. Finn, OBA 31551
PARRISH DEVAUGHN, PLLC
7 S. Mickey Mantle Drive, 2nd Floor
Oklahoma City, OK 73104
405-444-4444 (p)
405-232-0058 (f)
Larry@parrishdevaughn.com
*Attorneys for Plaintiff*

4